**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **United States of America,** ) | **CASE NO. 17 CR 84** |
| ) | |
| **Respondent,** ) | **JUDGE PATRICIA A. GAUGHAN** |
| ) | |
| **vs.** ) | |
| ) | |
| **Demetrius L. Frizzell,** ) | |
| ) | **Memorandum of Opinion and Order** |
| **Petitioner.** ) | |

## INTRODUCTION

This matter is before the Court upon Petitioner's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255. (Doc. 41). For the following reasons, Petitioner's Motion to Vacate is DENIED.

## FACTS

On March 1, 2017, Petitioner was named in a six-count indictment filed in this Court. A seven-count superseding indictment was filed on April 26, 2017. (Doc. 17). In the superseding indictment, Petitioner was charged in Counts 1, 2, and 7 with distribution of heroin with a serious bodily injury specification in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) and 18

U.S.C. § 2; in Count 3 with conspiracy to distribute over 100 grams of heroin in violation of 21 U.S.C. §§ 846 and 841(a)(1) and (b)(1)(B); in Counts 4 and 6 with witness intimidation in violation of 18 U.S.C. §§ 1512(b)(2)(A); and in Count 5 with obstruction of justice in violation of 18 U.S.C. § 1512(c)(2). *Id*. Petitioner pleaded guilty to Counts 3 and 6 with a Rule 11(c) agreement to 204 months imprisonment, and the remaining counts against him were dismissed. (Doc. 34, PageID # 133, 135). The Plea agreement included a waiver of Petitioner's right to collaterally attack his conviction or sentence, with the exception of claims relating to ineffective assistance of counsel or prosecutorial misconduct. *Id.* at 137-38. He also reserved the right to appeal any punishment in excess of the statutory maximum, or any sentence above 204 months. *Id.*

On December 4, 2017, the Court accepted the agreement and sentenced Defendant to 204 months, with three years of supervised release to follow. (Doc. 39, PageID # 199-205). No appeal was filed. On December 19, 2018, Petitioner filed the § 2255 petition at issue here.

**STANDARD OF REVIEW**

A federal prisoner may challenge a sentence if it "was imposed in violation of the Constitution or laws of the United States . . . or . . . the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255. To prevail on a § 2255 motion, "the movant must allege as a basis for relief: (1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Mallett v. United States*, 334 F.3d 491, 497 (6th Cir. 2003). The petitioner has the burden of "sustaining [his] contentions by a preponderance of the evidence." *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006).

**ANALYSIS**

Petitioner raises two claims of ineffective assistance of counsel. Specifically, Petitioner argues that Attorney Darin Thompson was ineffective because he "coerced" Petitioner's guilty plea to "conceal his unpreparedness for trial," and pressured Petitioner to believe that a guilty plea was his only option. Petitioner also argues that his acceptance of the plea agreement was not voluntary because Attorney Thompson did not adequately explain the consequences of entering into the agreement.

To succeed on these claims of ineffective assistance of counsel, Petitioner must satisfy two prongs – deficiency and prejudice. *Strickland v. Washington,* 466 U.S. 668 (1984); *Rayner v. Mills,* 685 F.3d 631, 636 (6th Cir. 2012). To demonstrate deficiency, a petitioner must show that his "counsel's representation fell below an objective standard of reasonableness." *Strickland,* 466 U.S. at 688. To demonstrate prejudice, the petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* The Supreme Court has defined a "reasonable probability" as one that is "sufficient to undermine confidence in the outcome." *Id.* In the plea context, in order to demonstrate prejudice, Petitioner must show "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hills v. Lockhart*, 474 U.S. 52, 59 (1985).

Here, Petitioner has demonstrated neither deficiency of counsel nor resulting prejudice. Petitioner's claims in both Ground One and Ground Two are directly contradicted by the record. Petitioner argues that his attorney "coerced" him into entering into the plea agreement and "pressuring him into believing . . . [that] a guilty plea was his only option." Petitioner also argues that his attorney did not adequately explain the consequences of entering a guilty plea, and provided "misadvice" to Petitioner. The plea agreement, however, clearly sets forth every

term therein, including the potential sentences that the Court could impose on Petitioner. The plea agreement states that the parties agreed that Petitioner should receive a sentence of 204 months imprisonment. The Court subsequently entered a sentence of 204 months. (Doc. 34 at 146; Doc. 38 at 197).[1] Petitioner's initials appear on every page of the plea agreement, and Petitioner does not dispute that he initialed each page of the agreement. Moreover, Petitioner admits that he expressed his understanding of the consequences of the plea agreement in open court.

Petitioner argues that the Court should disregard his in-court statements and the terms of his plea agreement because they were the result of coercion and misunderstanding. The Court declines to do so. The last page of Petitioner's plea agreement specifically states: "I have read (or have had read to me) this entire plea agreement and have discussed it with my attorney. I have initialed each page of the agreement to signify that I understand and approve the provisions on that page. I am entering this agreement voluntarily and of my own free will. No threats have been made to me, nor am I under the influence of anything that could impair my ability to understand this agreement." (Doc. 34, PageID # 143). Petitioner's signature appears right beneath this statement, and Petitioner does not dispute that he signed the agreement. *Id.* There is nothing in the record that supports Petitioner's argument that he was coerced into signing the agreement, and Petitioner provides no new evidence or support for his argument. Instead, Petitioner admits that he stated his desire to plead guilty and expressed his understanding of the consequences of the plea agreement when he was questioned about it by the Court. (Doc. 45 at

---

[1] This sentence is significantly lower than the guideline range of imprisonment sent forth in the Presentence Investigation Report (262-327 months) for the two counts to which Petitioner pleaded guilty. (Doc. 36 at 184).

PageID # 250). Thus, Petitioner's argument now that he did not understand the terms of the plea agreement is not persuasive.

There is also no indication in the record that Petitioner's attorney was unprepared for trial or failed to investigate Petitioner's case. Rather, as the Government points out, Attorney Thompson filed a detailed motion to suppress which set forth the factual basis of the case and demonstrated his intricate knowledge therein. (Doc. 33).

**CONCLUSION**

For the foregoing reasons, Petitioner's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (Doc. 41) is DENIED. Petitioner's request for an evidentiary hearing is also denied. No hearing is necessary where the "motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." *Wright v. U.S.*, 320 Fed. Appx. 421, 426 (6th Cir. 2009). Furthermore, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

IT IS SO ORDERED.

        /s/ Patricia A. Gaughan
        PATRICIA A. GAUGHAN
        United States District Court
        Chief Judge

Dated: 3/21/19